14 So.2d 146

### HINES v. HINES.

### 8 Div. 215.

Supreme Court of Alabama.

June 10, 1943.

W. A. Barnett, of Florence, for appellant.

Mitchell & Poellnitz, of Florence, for appellee.

BROWN, Justice.

The complainant Samuel W. Hines filed the bill in this case on October 27, 1942, against Frances Abie Daniels Hines, seeking to annul an alleged ceremonial marriage between the parties entered into on July 16, 1942, on the ground, as alleged in the bill "that said attempted marriage ceremony is void and of no effect for that at the time of said ceremony and for sometime prior thereto, your complainant was intoxicated to such extent that he was incapable of exercising judgment, understanding the nature and consequences of the marriage ceremony, and of knowing what he was about at the time said marriage ceremony was performed.

"Complainant further avers that he did not know and was not aware that said marriage ceremony had been performed between the complainant and the respondent until the morning of the following day; that the complainant had no intention of entering into a marriage contract with the respondent and upon overcoming his intoxicated condition promptly disaffirmed said marriage contract; that complainant and respondent have not cohabited as man and wife, so far as complainant knows or believes, nor has complainant since said marriage ceremony affirmed said marriage contract."

The bill also avers fraud in the concealment of the birth to the defendant of a child, but there is no proof of such fraud.

Neither of the parties testified in the case and witnesses who were present at the ceremony and persons who participated in the issuance of the license were not examined.

The only evidence offered in support of the bill, was the testimony of the mother of complainant, Mrs. Eddie T. Hines, who was not present at the ceremony. She testified, "My said son, Samuel W. Hines, who resided with me failed to come home during the night of July 15, 1942. He came to my home on the morning of July 16, 1942, and was in a very drunken and intoxicated condition. He was drunk to such an extent that he was incapable of exercising judgment or knowing what he was about the whole time while there. He did not leave my home until almost noon of the said date and when he left he continued to be in a very drunken condition and was still intoxicated to such an extent that he was incapable of exercising judgment. The next thing I knew concerning my son, which was a short time after he left my house, was that he had married Frances Abie Daniels. I know of my own knowledge that when Samuel went through said marriage ceremony he could not have been capable of exercising judgment, understanding the nature and consequences of said ceremony, and of knowing what he was about at the time the said marriage ceremony was performed.

"On the day following said marriage ceremony, as soon as my said son became sober and at himself, he sent his purported wife back to her home in Morgan County, Alabama, and has not since resided with her. After Samuel sent his purported wife to her home he came to my house on the same day and told me that when he married he was so drunk that he did not realize that the marriage ceremony was taking place and that if he had been capable of using judgment he would never have married this girl."

The averments of the bill, in legal effect, admit the existence of a ceremonial marriage, and after due consideration we are of opinion that the testimony does "not support the material averments of the bill, and was wholly insufficient to warrant the court in annuling the said marriage."

The decree of the circuit court is reversed, and exercising the broad discretion vested in us by law, we refrain from entering a decree dismissing the bill, and remand the case that both parties to the ceremony may be fully heard.

Reversed and remanded.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.